## Clark v. Bombardier, Ltd.

*Ackerman & Galloway,* for plaintiff.
*Kunkle, Walthour & Garland,* for defendant.
*Roland Keddie,* for additional defendant.

MIHALICH, J., June 30, 1972.—This case comes before the court en banc for consideration of additional defendant's preliminary objection to original defendant's answer containing new matter which attempts to join one of plaintiffs as an additional defendant.

Plaintiff filed a complaint in trespass against the original defendant alleging that the original defendant was doing business within the Commonwealth without registering as a foreign corporation and that the original defendant had, in essence, manufactured and sold through its agent to plaintiff, a defective Snowmobile. Plaintiff further alleged that the defective Snowmobile caused plaintiff's injuries. The original defendant filed an answer denying the negligence of the original defendant and in the new matter attempted to join the husband-plaintiff as an additional defendant, alleging that any negligence was committed by the husband-plaintiff. The additional defendant then filed preliminary objections to defendant's answer containing new matter, alleging that since the original defendant had not registered to do business within the Commonwealth, as required by section 1014 of the Pennsylvania Business Corporation Law, as amended, the original defendant lacked the capacity to sue and, therefore, could not join the additional defendant.

A proper reading of article X, sec. 1014, of the Pennsylvania Business Corporation Law of May 5, 1933, P. L. 364, as amended, 15 PS §2014, reveals that:

"No foreign business corporation transacting business in this Commonwealth without a certificate of authority shall be permitted to maintain any action in any court of this Commonwealth until such corporation shall have obtained a certificate of authority.

Nor, except as provided in subsection B of this section, shall any action be maintained in any court of this Commonwealth by any successor or assignee of such corporation on any right, claim or demand arising out of the transaction of business by such corporation in this Commonwealth until a certificate of authority shall have been obtained by such corporation or by a corporation which has acquired all or substantially all of its assets."

However, the act must be read in its entirety, and that would include the following provision:

"The failure of a foreign business corporation to obtain a certificate of authority to transact business in this Commonwealth shall not impair the validity of any contract or act of such corporation and *shall not prevent such corporation from defending any action in any court of this Commonwealth."* (Italics supplied.)

It should be noted that section 1014 of the Pennsylvania Business Corporation Law was amended January 18, 1966, by Act No. 519 of the Session of 1965, P. L. 1305, sec. 48. Prior to this amendment, section 1014 only prohibited the commencement of an assumpsit action but allowed an action sounding in tort to be brought by the unregistered foreign corporation. The change in 1966 was total in that it states:

"No foreign business corporation . . . without a certificate of authority shall be permitted to maintain any action in any court . . .".

Surprisingly, no cases have been recorded concerning the effect of the amendment in the bringing of a tort action.

Here, however, we are not concerned solely with the issue of whether an unregistered foreign corporation can commence a tort action, but rather whether the unregistered foreign corporation is allowed to join an additional defendant. Again, no reported cases have

decided on this issue and therefore the matter is one of first impression in this court.

To prevent the unregistered foreign corporation defendant from joining an additional defendant, the additional defendant relies upon the comments by Goodrich-Amram to Rule 2252 of the Pennsylvania Rules of Civil Procedure which state:

"When a defendant joins an additional defendant, he becomes a moving party or actor in the litigation. He must therefore have a capacity to sue": 3 Goodrich-Amram Civil Practice §2252(a)-2.

Although the court acknowledges the learned opinion of the author, if his reasoning is carried to its logical conclusion, it would produce many unfavorable conditions detrimental to injured plaintiff citizens of our Commonwealth. E. g., a minor citizen of our Commonwealth is injured on an amusement ride and files suit against an unregistered foreign corporation. If the unregistered foreign corporation is precluded from joining a party who, in fact, committed the sole negligence causing the injuries, the probable result of this litigation will be a verdict for defendant. The unfortunate consequence resulting from this verdict would be that the minor injured plaintiff must reinstitute the litigation against the proper tortfeasor, which, ironically, was the party the unregistered foreign corporation attempted to join as an additional defendant in the first litigation. In some cases, plaintiff would not be able to bring suit against the negligent party because the statute of limitations may have expired during the long civil proceedings in the first litigation. Even if the situation would arise where the statute of limitations would not bar the second suit brought by plaintiff, it would still necessitate the bringing of an additional action by plaintiff. It thus appears that the suggested bar to the intended joinder by the unregistered foreign

corporation is, in reality, a penalty or hardship on the injured plaintiff and the courts of our Commonwealth.

The courts have long ago adopted the attitude that the consolidation of suits is for convenience, economy and expediency. The court now looks with favor upon procedure which would permit the simultaneous determination of all possible litigation arising out of the same facts and circumstances. The recent change, in our Rules of Civil Procedure simplifying the method for joining additional defendants, is indicative of the court's attitude in permitting the joinder of additional defendants and resolving all issues at one trial. The court can see no benefit to be derived from creating a situation where plaintiff may be compelled to bring additional actions which undoubtedly will place an even greater burden on our crowded court schedule.

Also, the court relies upon the following provisions of section 1014 of the Pennsylvania Business Corporation Law:

"The failure of a foreign business corporation to obtain a certificate of authority . . . shall not prevent such corporation from defending any action. . ."

The action taken here by the original defendant is intended to relieve defendant of liability for plaintiff's injuries. If the original defendant, the unregistered foreign corporation, would be prevented from joining the additional defendant, it would probably present the same type of defense as it would if it is permitted to make the proposed joinder. As far as the original defendant is concerned, its ultimate verdict would be the same, with or without the joinder; however, to preclude the intended joinder suggests a possible penalty or hardship on plaintiff and the courts of our Commonwealth. The court considers the joinder of an additional defendant by an unregistered foreign corporation to be a method of defending the suit brought

against the said corporation, and is thereby permissible as a defensive action.

Therefore, the court will make the following

ORDER

And now, to wit, June 30, 1972, it is hereby ordered, adjudged and decreed that plaintiffs' preliminary objections are dismissed and the original defendant is allowed to join the husband-plaintiff as an additional defendant.